# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABAK SEHARI,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ALBERTO GONZALES, Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director of the United States Citizenship and Immigration Services; ALFONSO AGUILAR, Chief of Citizenship United States Citizenship and Immigration Services; VERNON DUNCAN, Acting District Director of the United States Citizenship and Immigration Services, San Diego California,<br><br>　　　　　　　Defendants. | CASE NO. 07cv0295 BTM (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS IN PART; ORDER SETTING BRIEFING SCHEDULE AND HEARING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Defendants move to dismiss Plaintiff's complaint on the ground that Plaintiff has failed to state a claim under the Administrative Procedures Act (APA) or the Mandamus Act. Defendants argue that the remedy Plaintiff seeks is unavailable as a matter of law. For the reasons discussed below, the motion to dismiss is **GRANTED** as to defendants Michael Chertoff, Emilio T. Gonzalez, Alfonso Aguilar, and Vernon Duncan and **DENIED** as to Alberto Gonzales, Attorney General of the United States.

## II. BACKGROUND

On May 3, 2006, Plaintiff Babak Sehari, a legal permanent resident since July 10, 2001, filed an Application for Naturalization (N–400) with United States Citizenship Immigration Services (CIS). CIS has requested and is still awaiting the results of an FBI name check investigation. CIS has refused to schedule an examination interview or to further adjudicate Plaintiff's application until results are received from the FBI. Plaintiff commenced this lawsuit on February 13, 2007.

## III. DISCUSSION

Plaintiff seeks mandamus relief in the form of an order compelling CIS to schedule him for an interview and to fully adjudicate his application for naturalization. However, CIS has refrained from adjudicating his application, including scheduling an examination interview, because CIS is prohibited from doing so by statute. Public Law No. 105-119, 1997 HR 2267 provides, "none of the funds appropriated or otherwise made available to [CIS] shall be used to complete adjudication of an application for naturalization unless [CIS] has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed . . . ."

Under the APA, a court may compel an administrative agency to perform an action that has been "unlawfully withheld" by that agency. 5 U.S.C. § 706(1). Similarly, under the Mandamus Act, a court may compel performance of "a duty owed to the plaintiff." 28 U.S.C. § 1361. A court cannot compel an agency to take an action it is not lawfully required to take. Norton v. So. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004). In this case, not only is CIS *not* legally required to adjudicate an application before receiving results from the FBI background check, it is also explicitly *prohibited* from doing so by statute. Because the FBI has not completed the requisite background check in this case, the Court cannot order the relief Plaintiff seeks against CIS. Accordingly, the motion to dismiss is granted as to defendants Michael Chertoff, Emilio T. Gonzalez, Alfonso Aguilar, and Vernon Duncan.

Plaintiff has also named Alberto Gonzales as a defendant, and apparently seeks an

order compelling him to direct the FBI to complete the required background check. (Complaint ¶ 19.) The Government has not made any challenge to the claim against Gonzales.  Therefore the motion to dismiss is denied as to Alberto Gonzales.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss.  The motion is **GRANTED** as to defendants Michael Chertoff, Emilio T. Gonzalez, Alfonso Aguilar, and Vernon Duncan.  The Complaint is **DISMISSED WITHOUT PREJUDICE** as to these defendants.  The motion is **DENIED** as to defendant Alberto Gonzales.

The Court orders the parties to file cross-motions for summary judgment on the APA/Mandamus claim against Gonzales.  Plaintiff must file his motion for summary judgment on or before **September 24, 2007**.  Defendant Gonzales must file his combined cross-motion/opposition on or before **October 29, 2007**.  Plaintiff must file any reply on or before **November 13, 2007**.  The Court hereby sets the cross-motions for hearing on **November 16, 2007 at 11:00 a.m.**  Unless the Court directs otherwise, this matter will be resolved without oral argument, and no personal appearances are necessary.

**IT IS SO ORDERED.**

DATED: July 30, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge